# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TIMOTHY R. NAQUIN**<br>    **D.O.C. # 722109** | : | **DOCKET NO. 18-cv-560**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **SHERIFFS DEPT CALCASIEU**<br>**PARISH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Timothy R. Naquin, who is proceeding *pro se* in this matter. Naquin is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana. His complaint relates to events that occurred while he was incarcerated at Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana.

## I.
### BACKGROUND

Naquin alleges that, while he was on pre-trial detention at CCC following his arrest for a sex offense, he was beaten by other inmates and that employees at the facility failed to protect him from the beating(s). Doc. 1. Specifically, he maintains that that he provided Sheriff Tony Mancuso, Calcasieu Parish Sheriff's Office counsel Robert McCorquodale, Warden Daniel Burkhalter, and Assistant Warden Greg Tete with names of inmates who had threatened him and begged to be placed in protective custody, but that they refused his request and that he remained in custody with the individuals, some of whom participated in one or more brutal beatings later inflicted on him.

*Id.* at 3; *see id.* at 12 (description of injuries). Naquin also maintains that, as a result of the beatings, the defendants named herein only placed him on suicide watch and moved him into the aggravated inmate tier, where he was surrounded by inmates who could communicate with those who had beaten him, rather than moving him into protective custody as he had requested. *Id.* at 9–10, 14. He alleges that the beatings were "ongoing," though it is unclear whether they continued after he was moved to the aggravated inmate tier. *See id.* at 3. After the beatings, he states, he filed grievances at CCC and he complains that the response was inadequate. *Id.* at 13–14. He also asserts that defendants named herein have instituted deficient policies which led to his beating, by failing to adequately screen for and segregate sex offenders, flagging him as a sex offender despite the fact that he had not been convicted, tolerating a culture of under-enforcement and under-investigation of violence against sex offenders, and failing to protect inmates who might be targeted because of their race or sexual orientation. *See id.* at 7–11. He maintains that the defendants' failure to protect him results in a violation of his rights under the Equal Protection Clause. *Id.* at 26. Finally, he alleges generally that the defendants "engaged in unfair and deceptive trade practices with regard to the provision of plaintiff's expected medical care," and that the Calcasieu Parish Sheriff's Office and other defendants committed misrepresentations, collusion, fraud, and inaction, subjecting him to constitutionally deficient medical care claims. *Id.* at 25–27.

Naquin now brings the instant suit under 42 U.S.C. § 1983 and state tort law. He seeks declaratory relief, compensatory and punitive damages, and costs and attorney's fees against the above defendants, the Calcasieu Parish Sheriff's Office, and two unnamed defendants. *Id.* at 1–4.

# II.
# LAW & ANALYSIS

## A. *Frivolity Review*

Naquin has paid the filing fee in this matter. Because he is a prisoner seeking redress from governmental officers, however, his complaint is still subject to screening. 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the court shall review all such suits and dismiss any claim that is "frivolous, malicious, or fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(b).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

## B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

*C. Rule 8*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

*D. Theories of the Complaint*

*1. Improper Party*

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Accordingly, the Calcasieu Parish Sheriff's Office is not a proper defendant in this matter and Naquin should dismiss his claims against it. To the extent that Naquin has raised claims against Mancuso and other CPSO employees in their official capacities, and such suits are "in all respects other than name, to be treated as a suit against the entity," he may wish to join Calcasieu Parish as a defendant. *Givs v. City of Eunice*, 2006 WL 1831528, at *1 (W.D. La. June 29, 2006) (quoting *Kentucky v. Graham*, 105 S.Ct. 3009 (1985)).

### 2. Supervisory liability

Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, have failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 Fed. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002). Naquin has properly identified how the named supervisory official defendants herein are personally involved in the alleged constitutional deprivations or have implemented constitutionally deficient policies. However, he fails to name the basis on which he seeks to hold the unnamed defendants liable. If these are also supervisory figures, he must allege their liability as described above.

### 3. Statute of limitations

Naquin fails to provide the dates when the events giving rise to his claims occurred. Federal law governs when a § 1983 action accrues and the limitations period begins to run, "but 'state law supplies the applicable limitations period and tolling provisions.'"[1] *Gonzalez v. Seal*, 677 Fed. App'x 918, 921 (5th Cir. 2017) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156–57 (5th Cir. 1999)). In Louisiana, the applicable limitations period is the one-year period of liberative prescription governing delictual actions. *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995); *see* LA. CIV. CODE art. 3492. Therefore Naquin's tort and civil rights claims are both subject to a one-

---

[1] In the Fifth Circuit, a § 1983 action accrues and the limitations period begins to run when the plaintiff knows or has reason to know of the injury that is the basis for the action. *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983).

year prescriptive period. He must supply the date on which these events occurred, and any grounds for tolling in the event that this action is untimely.

### 4. *Declaratory relief*

Requests for declaratory or injunctive relief are subject to the jurisdictional standing requirements of Article III. *See, e.g.*, *Hainze v. Richards*, 207 F.3d 795, 802 (5th Cir. 2000). To meet this requirement, a plaintiff must demonstrate that a case or controversy exists. *Bauer v. Texas*, 341 F.3d 352, 357–58 (5th Cir. 2003). In requests for declaratory and injunctive relief he is therefore required to "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id.* at 358. Past exposure to illegal conduct is insufficient "if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *City of Los Angeles v. Lyons*, 103 S.Ct. 1660, 1665 (1983)). Additionally, an inmate's transfer from the institution where the illegal conduct allegedly occurred generally renders such claims moot unless he can show a probability of being transferred back to the offending institution. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Naquin has been transferred from CCC. Accordingly, he should dismiss his request for declaratory relief unless he can show a real probability that he may be returned to that institution.

### 5. *Punitive damages*

To the extent that Naquin requests punitive damages on his § 1983 claims, all of which are made against parish employees in their official capacity, he cannot recover. *Givs*, supra, 2006 WL 1831528, at *1. He may, however, recover punitive damages against any employee he sues in an individual capacity. *Id.*; *see also Williams v. Kaufman Cty.*, 352 F.3d 994, 1015 (5th Cir. 2003). Therefore Naquin should dismiss his request for punitive damages as it relates to his civil rights

claims or clarify whether he also intends to bring individual capacity civil rights claims against any of these defendants.

### *6. Medical care*

Under the Fourteenth Amendment, pretrial detainees have a right have their basic needs, including medical care, met while they are in the state's custody. *Estate of Henson v. Krajca*, 440 Fed. App'x 341, 343 (5th Cir. 2011) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996)). In this circuit, the legal standard applicable to the detainee's rights depends on whether the detainee is alleging an unconstitutional condition of confinement or challenging an episodic act or omission of an individual official. *See Hare*, 74 F.3d at 644–45.

Here it appears that Naquin intends to raise claims based on denial of medical care, flowing from the episodic acts or omissions of individual jail officials. Accordingly, he is required to show that the defendant officials had "subjective knowledge of a substantial risk of serious harm" to him and responded with deliberate indifference. *Id.* at 650. To establish deliberate indifference, the plaintiff must show that the official knew of and disregarded an excessive risk to inmate health and safety. *Farmer v. Brennan*, 114 S.Ct. 1970, 1977–79 (1994); *Hare*, 74 F.3d at 648–49 (applying *Farmer* standard to pretrial detainee's claim relating to an episodic act). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (quoting *Farmer*, 114 S.Ct. at 1980). Naquin has not provided sufficient information for this court to determine whether his medical care allegations rise to a constitutional level.

*7. Equal Protection*

To the extent that Naquin would allege an equal protection violation, he must show that prison officials purposefully discriminated against him and that he was treated differently from similarly situated inmates. *Longoria v. Dretke*, 507 F.3d 898, 904 (5th Cir. 2007). Naquin must be aware that sex offenders are not considered a suspect class. *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014). Therefore he would be required to show that his treatment was not rationally related to a legitimate government objective. *See, e.g.*, *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998). Moreover, the Fifth Circuit applies *Turner v. Safley*, 107 S.Ct. 2254 (1987), to equal protection violations by inmates. *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007). Under this standard, an inmate is not entitled to relief based on a prison regulation or action that impinges on his constitutional rights so long as that regulation is reasonably related to legitimate penological interests. *Turner*, 107 S.Ct. at 2261–62. *Turner* asks courts to consider the following four factors in order to determine whether the government objective is legitimate and neutral, and whether the challenged action is rationally related to the objective:

> (1) whether a valid and rational connection exists between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact of the accommodation on prison guards, other inmates, and the allocation of prison resources generally; and (4) whether there are "ready alternatives" to the regulation in question.

*Baranowski*, 486 F.3d at 120 (citing *Turner*, 107 S.Ct. at 2262). These factors need not be given equal weight or even individually considered. Instead, the controlling test is rationality. *Scott v. Miss. Dep't of Corr.*, 961 F.2d 77, 80–82 (5th Cir. 1992). The plaintiff bears the burden of showing that the challenged regulation or action, as applied, is not reasonably related to legitimate penological interests. *Prison Legal News v. Livingston*, 683 F.3d 201, 215 (5th Cir. 2012). However, the defendant must do more "than merely show a formalistic logical connection between

[its actions] and a penological objective." *Id.* (quotations omitted). Accordingly, if Naquin intends to bring an Equal Protection violation, he must amend his claim in line with the factors outlined above.

### 8. *State tort claims*

Naquin asserts that he is proceeding under state tort law, but it is unclear precisely which torts he is alleging and against which defendants. Naquin must amend his complaint to state which violations of state tort law were committed by which defendant, paying careful attention the elements of those offenses.

## III.
### CONCLUSION

Naquin must amend his complaint to correct all of the legal deficiencies as described above. He must also provide (1) a concise description of what **each** defendant, including the unnamed ones, did to violate his rights, and (2) the date(s) on which these actions occurred. Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Naquin at his last address on file.

**IT IS ORDERED** that Naquin amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915A or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Naquin is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE this 24th day of July, 2018.

                              KATHLEEN KAY
               UNITED STATES MAGISTRATE JUDGE